35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Ray MEEKS, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; Howard G. Cook; Michael Dutton, Defendants,
David Mills; Roger Duncan; Matt Haynes; Tom Kirk,
Defendants-Appellees.
 No. 93-6089.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals a district court order granting summary judgment in favor of defendants and dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Danny Ray Meeks maintained that his security classification was changed from minimum to close and that he was transferred to another institution in violation of his rights of due process.
 
 
 4
 Defendants filed a motion for summary judgment in which they asserted, in part, that a state prisoner in Tennessee has no protected interest in any particular security classification or in placement in any particular institution. The district court determined that Meeks failed to allege the loss of a protected right. Summary judgment was granted in favor of the defendants.
 
 
 5
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993).
 
 
 6
 First, material facts are not in dispute. Prison authorities received information that Meeks was plotting to escape and that he had threatened to kill a Tennessee agent. In reliance on this information, defendants initiated the reclassification and transfer. Meeks was not provided an opportunity to challenge the transfer or reclassification before they were made effective. Although the parties dispute the veracity of the allegations underlying the transfer and reclassification, the dispute is not genuine. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). That is, whether the allegations are false, as claimed by Meeks, does not provide a basis upon which the jury could return a verdict in his favor. See id. at 248.
 
 
 7
 Defendants are entitled to judgment as a matter of law. Meeks is not entitled to relief under 42 U.S.C. Sec. 1983 because he has not alleged the loss of a protected property or liberty interest. See Newell v. Brown, 981 F.2d 880, 883 (6th Cir.1992), cert. denied, 114 S.Ct. 127 (1993). In general, a prisoner has no federal constitutional right to be placed in a particular prison or a particular security classification. Meachum v. Fano, 427 U.S. 215, 225 (1976). However, through substantive limitations on discretion of state officials, a state may create a federally cognizable interest in classification or institutional assignment. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). The policies in effect at the time of Meeks's reclassification and transfer do not include limitations on discretion sufficient to create a liberty interest.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joe Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation